**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

WILLIAM BLAUSER, JR., and
PAULINE BAUER,

Defendants.

Case No. 21-cr-386-TNM

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**RADICALMEDIA'S APPLICATION FOR ACCESS TO VIDEO EVIDENCE**

RadicalMedia, LLC and Leroy & Morton Productions, LLC (together, "RadicalMedia") respectfully submits this reply memorandum in further support of its Application (Dkt. 82) for access to videos that the Government has described in filings in this matter (the "Video Evidence"). The Government objects to this Application on grounds that the Government has not yet submitted any footage to the Court in this case, and "[p]hotographic stills taken from a video and used as exhibits, or descriptions of portions of video footage contained in a pleading, do not make the entire actual footage video footage exhibits provided to the Court for review." United States' Opp. to Third Party Application for Access to Video Evidence ("Opposition" or "Opp.") at 4, Dkt. 84. That is precisely why this Court should follow the Chief Judge's lead and direct the Government to submit the videos themselves, which will allow the Court and the public to assess the footage and evaluate the Government's descriptions.

The Government's representations of Defendants' acts in the Statements of Facts, which is replete with references to what the videos depict, are plainly intended to influence the Court. *See League of Women Voters v. Newby*, 963 F.3d 130, 136, 447 U.S. App. D.C. 397 (D.C. Cir. 2020) (holding that "every part of every brief filed to influence a judicial decision qualifies as a

judicial record") (internal citations omitted). As noted in RadicalMedia's Application, it is now common practice for the Chief Judge to order the submission of videos described in Government filing – and then to order public release of these videos – due to "accusations . . . about the government cherry-picking excerpts from videotapes," and as it is "well within [the court's] prerogative." Application ¶ 6 (citing Aug. 19, 2021 Hr'g Tr. 27:1-8, *United States v. Torrens*, 21-204-2-BAH (D.D.C.)). Contrary to the Government's argument that "any review by the Court on its own motion would not necessarily change the status of the video information and confer status as 'judicial records' subject to disclosure," Opp. at 5, the Video Evidence would, in fact, be "intended to influence the court" and therefore subject to a presumption of access should the Court order that the Video Evidence be submitted for its review. *See United States v. Torrens*, 2021 U.S. Dist. LEXIS 174997, *8, (D.D.C. Sept. 15, 2021) (videos referenced in filing that the Chief Judge ordered be provided for her review were judicial records and presumably subject to a right of access); *see also* Minute Orders of Nov. 12 and 22, 2021, *United States v. Schornak*, 21-cr-278-BAH (D.D.C.) (directing the Government to "(1) submit to the Court a report identifying the video evidence on which the factual statements in the Statement of Offense . . . , (2) make any such video evidence available for the Court's review, and (3) provide the government's position on whether this video evidence may be made publicly available without restriction," and upon no objections by the parties, ordering the videos released).

The need for public access to videos described by the Government in a Capitol riot prosecution "is very strong, as evidenced by the extraordinary public interest surrounding the events that took place at the U.S. Capitol on January 6." *Torrens*, 2021 U.S. Dist. LEXIS 174997, at *17. As the Chief Judge explained in ordering release of videos described in a Government filing, "[t]he public has an interest in understanding the conduct underlying the

charges in these cases, as well as the government's prosecutorial decision-making both in bringing criminal charges and resolving these charges by entering into plea agreements with defendants." *Torrens*, 2021 U.S. Dist. LEXIS 174997, at *17; *see also United States v. Lazar*, 21-cr-525-ABJ (D.D.C.), Dkt. 41 at 5 (where videos have been described but not yet released, "viewing the videos is necessary to the evaluation of the veracity and strength of the government's public filings," and the need for access weighs "heavily" in favor of disclosure).

Moreover, the Government does not argue that it can overcome the presumption of access in the event the Court orders the Government to file the Video Evidence. The Government has thus conceded that the Court should release the Video Evidence to RadicalMedia so long as the Court treats the videos as judicial records. *See, e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a [non-moving party] files an opposition to a dispositive motion and addresses only certain arguments raised by the [movant], a court may treat those arguments that the [non-moving party] failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).[1]

For the foregoing reasons and those set forth in its Application, RadicalMedia respectfully requests that this Court enter an order (1) directing the Government to provide the Court and RadicalMedia copies of the Video Evidence, and (2) permitting RadicalMedia to republish the Video Evidence without restriction.

---

[1] Defendants William Blauser, Jr. and Pauline Bauer did not timely file any objections to RadicalMedia's Application and therefore also concede the Video Evidence may be released.

Dated: December 6, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for RadicalMedia, LLC and Leroy & Morton Productions, LLC*